**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>   v.<br><br>HECTOR MARISCAL,<br><br>                Defendant. | CASE NO. 1:11-CR-000304-(2)-LJO<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br><br>(Doc. 63) |

Before the Court is Defendant Hector Mariscal's *pro se* motion to reduce his sentence (Doc. 63), under U.S.S.G. § 1B1.10(b)(1) and Amendment 782 ("the Amendment") to the United States Sentencing Guidelines,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Federal Defender's Office declined to supplement the motion. *See* Doc. 66. The Government opposes the motion on the basis that the Defendant is not eligible for a reduction under § 1B1.10. *See* Doc. 68. Upon a careful and thorough review of the parties' briefing, the record in the case including the Probation Office's Presence Report[2] ("PSR"), and the relevant law, the Court will deny the motion.

**I.      BACKGROUND**

Defendant Mariscal pleaded guilty to counts one and two of the Superseding Information for carrying a firearm in relation to a drug trafficking offense, 18 U.S.C. 924(c) (count one), and using a communications facility to facilitate a drug-trafficking crime, 21 U.S.C. 843(b) (count two). *See*

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.
[2] The United States Probation Office's practice at the time Defendant was sentenced was typically not to file PSRs, thus the Court obtained the PSR from the United States Probation Office.

Docs. 19, 55-59. The amount of drugs attributed to Defendant is approximately 2.195 kilograms of actual methamphetamine. *See* PSR at ¶¶ 8, 16.

Accepting the PSR, pursuant to §2D1.1(a)(5)(iii), the Court found that the Defendant's base offense level was 38 (based on the amount of methamphetamine involved in the case), *id.* at ¶ 16, 21, and his criminal history was category I (based on 1 criminal history point). *Id.* at ¶ 34. Pursuant to §§ 3E1.1(a) and (b), Defendant's acceptance of responsibility warranted a three-level reduction, for an adjusted total offense level of 35. *Id.* at ¶ 24. The Guidelines range for a defendant with an offense level of 35 and a criminal history category I was 168 to 210 months, *see* U.S.S.G. Ch. 5, Pt. A, but pursuant to U.S.S.G. § 5G1.1(a), the statutorily authorized maximum sentence for the offense in count two was 48 months. Additionally, the guideline range for count one (18 U.S.C. 924 (c)) was a mandatory minimum five year term, to be served consecutively. Therefore, the PSR recommended imposing a sentence of 108 months. *See* PSR at 18.

On October 29, 2012, the Court imposed the mandatory minimum 60-month sentence for count one (18 U.S.C. 924 (c)), and the statutorily authorized maximum 48 months for count two (21 U.S.C. 843(b)), for a total of 108 months, as well as 24 months supervised release, and a $200 special assessment. *See* Docs. 61, 62.

**II.    LEGAL STANDARD**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make the Amendment retroactively applicable to previously sentenced defendants. *See* U.S.S.G., sup. App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

## III. DISCUSSION

Defendant Mariscal requests a reduction in his sentence under Amendment 782, enumerated in U.S.S.G. § 1B1.10(d), arguing he is entitled to a reduction in his 108-month sentence because "it is clear that the defendant meets all the requirements to obtain the sentence reduction, besides, under the factors set forth in 3553 (a), the defendant was not one of a violent nature [sic]." Doc. 63 at 4.

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* U.S.S.G. § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

The initial inquiry is whether Defendant Mariscal is eligible for sentence reduction. The Court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon*, 560 U.S. at 825-26. § 3582 permits a sentence reduction only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Pursuant to §1131.10(a)(2)(13),

"[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10 (a)(2)(B).

Although the adjusted drug quantity table reduces Defendant's base offense level by two levels, Defendant misapprehends the effect this has on his sentence. Amendment 782; § 1B1.10. Generally, when reviewing a §3582 motion the Court compares the original sentence a defendant received under the original guideline range to that which he would receive under the amended guideline range. If, however, a defendant was sentenced pursuant to a statutory mandatory minimum term of imprisonment, he is not eligible for a sentence reduction under § 3582(c). *See, e.g., United States v. Paulk*, 569 F.3d 1094, 1096 (9th Cir. 2009). Here, the Court need not proceed with the comparative analysis of the effects of the post-amendment sentencing guidelines as to count one because it is undisputed that the Court sentenced Defendant according to the statutory mandatory minimum. *See* PSR at 18; *see also* Docs. 61, 62.

As to count two, post-Amendment, the calculation remains the same as it did at sentencing. The Commission's amendment was to § 2D1, and when evaluating a § 3582(c)(2) motion, a district court "shall substitute" the amended Guidelines range for the initial range," though "shall leave all other guideline application decisions unaffected." *Dillon*, 560 U.S. at 831 (citing § 1B1.10(b)(1)). According to the PSR, Defendant's original sentencing guideline range was 168 to 210 months (total offense level of 35 and criminal history category I). When the bottom of the guideline range (here, 168 months) is higher than the statutorily authorized maximum sentence for the offense of conviction (here, 48 months), then the statutory maximum controls. *See* § 5G1.1(a); PSR at ¶ 50. The practical effect of the two-level reduction is an amended guideline range of 135 to 168 months, but 135 months is higher than the 48 month statutory maximum sentence authorized under § 5G1.1(a). Thus, the statutory maximum guideline still controls. In other words, Amendment 782 has not reduced the guideline range applicable in Defendant's case. *See* Amendment 782; § 1B1.10; § 2D1.1; *Dillon*, 560 U.S. at 831; *United States v. Paulk*, 569 F.3d 1094, 1096 (9th Cir. 2009).

4

Because the application of the Amendment does not have the effect of lowering Defendant's applicable guideline range, the Court does not have the authority to modify the Defendant's sentence and § 1B1.10 (a)(2)(B) militates finding that no such reduction may occur. *Dillon*, 560 U.S. at 825-26*; see also United States v. Leniear,* 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules). Therefore, the answer at step one is that Defendant does not qualify for a sentence reduction. To the extent that the movant asks the Court to reduce his sentence based on the § 3553(a) factors considered at step two, the Court declines. As the answer at step one is that the movant is not eligible, the Court does not proceed to step two. *See* U.S.S.G. § 1B1.10; *Dunn*, 728 F.3d at 1155.

## IV.   CONCLUSION AND ORDER

The Court concludes that Defendant Mariscal has no basis for seeking a reduction, thus his motion is denied. *See* § 1B1.10 (a)(2)(B); *see also United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curium) (finding a defendant ineligible for sentence reduction and denying § 3582 motion where sentencing range was unaffected by Amendment 782). Accordingly,

**IT IS HEREBY ORDERED** that Defendant Hector Mariscal's motion to reduce his sentence (Doc. 63) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to **TERMINATE** the Defendant and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **January 16, 2016**               /s/ Lawrence J. O'Neill
                                                          UNITED STATES DISTRICT JUDGE