# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **1:11-cr-00304-LJO** |
| Plaintiff-Respondent, | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE (ECF NO. 80)** |
| v. | |
| **HECTOR MARISCAL,** | |
| Defendant-Petitioner. | |

## I. INTRODUCTION

Petitioner Hector Mariscal, a prisoner in federal custody at McRae Correctional Facility, brings this pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons discussed below, Petitioner's motion is DENIED.

## II. BACKGROUND

On September 15, 2011, Petitioner was indicted along with two co-defendants on charges of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and § 846, and possession with the intent to distribute methamphetamine, distribution of methamphetamine, and aiding and abetting the distribution and possession with intent to distribute of methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). ECF No. 19. In a superseding information, Petitioner was also charged with using a communication facility to facilitate the commission of a felony in violation of 21 U.S.C. § 843(b) ("Count One") and carrying a firearm during and in relation to a drug traffic offense in violation of 21 U.S.C. § 924(c) ("Count Two"). ECF No. 57. On August 3, 2012, Petitioner entered into a plea agreement with Respondent, wherein

Petitioner agreed to plead guilty to Count One and Count Two of the superseding information, and to waive his right to be charged by an indictment issued by a grand jury. ECF No. 58 at 2-3. Petitioner also waived his right to trial, as well as his right to appeal his plea, conviction, and sentence, in the plea agreement. *Id*. at 4, 8-10. Respondent agreed to move to dismiss the indictment, to recommend a three level reduction in Petitioner's offense level if it determined that such a reduction was warranted, and to recommend that Petitioner be sentenced to the low end of the sentencing guidelines. *Id*. at 5-6.

Petitioner entered a plea of guilty on August 6, 2012. ECF No. 59. On October 29, 2012, the Court imposed a 60-month sentence for Count One, and a 48-month sentence for Count Two, to run consecutively for a total of 108 months, as well as 24 months supervised release, and a $200 special assessment. ECF Nos. 61, 62.

On June 24, 2016, Petitioner filed the instant motion. ECF No. 80. Respondent filed an opposition on May 11, 2017. ECF No. 89. The Court granted Petitioner until October 30, 2017, to file a reply. ECF No. 91. Petitioner did not file a reply. The Court finds this matter suitable for decision on the papers.

Petitioner makes three arguments that his sentence should be vacated, set aside, or corrected under 28 U.S.C. § 2255. First, he contends that he received ineffective assistance of counsel. ECF No. 80 at 14. Petitioner states that his attorney did not address the lack of phone calls, text messages, or voicemails from any phone related to his case in contesting Count One. *Id*. He also asserts that his attorney did not sufficiently emphasize Petitioner's minor role in the incident where he was found to be in possession of a firearm. *Id.* Additionally, Petitioner states that his attorney did not attempt to negotiate the case with the Government or make any arguments on his behalf at sentencing, and that his representation was "very unprofessional, unethical and demonstrated an obvious lack of interest in his case." *Id*. at 14-15.

Second, Petitioner argues that there was a considerable disparity between his sentence and the sentences of his co-defendants. *Id*. at 15. One co-defendant, who had made a drug deal with a

confidential informant and an undercover special agent, was sentenced to 86 months. *Id*. Another co-defendant, in whose car methamphetamine was found, was also sentenced to 86 months. *Id*. Petitioner argues that both of these co-defendants played larger roles in the charged crimes, pled guilty, and received lesser sentences. *Id*. at 16.

Third, and finally, Petitioner argues that he should be resentenced under the Supreme Court's holdings in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (*Johnson II*), and *Welch v. United States*, 136 S. Ct. 1257 (2016). Petitioner believes that his sentence under Count Two, possession of a firearm in commission of a drug offense, might have been affected by the Supreme Court's holding in *Johnson II* and *Welch* that the residual clause of the Armed Career Criminals Act ("ACCA") is unconstitutionally vague and therefore void. ECF No. 80 at 16-17.

Respondent opposes Petitioner's motion under § 2255. Respondent argues that Petitioner waived the right to challenge his sentence, and no recognized exception to this waiver applies. ECF No. 89 at 2. Petitioner also has not challenged the knowing and voluntary nature of his plea. *Id*. Additionally, Respondent contends that Petitioner's motion was not filed within the one year timeframe set forth by 28 U.S.C. § 2255(f)(1), and that this motion is time barred. *Id*. at 2-3. While the one year filing period can be revived by the recognition of a right made retroactively available, as occurred in the *Johnson* and *Welch* cases, Respondent asserts that *Johnson II* is not applicable here as Count Two did not require the application of the ACCA's residual clause. *Id*. at 3.

### III. STANDARD OF DECISION

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a movant must demonstrate the

3

existence of an error of constitutional magnitude that had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Relief is warranted only where a movant has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

"Where a section 2255 motion is based on alleged occurrences outside the record, no hearing is required if the allegations, viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (internal citations and quotations omitted). While a hearing may be required "[w]here section 2255 motions have been based on alleged occurrences outside the record," no hearing is required if "the issue of credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Id.* Ultimately, "Section 2255 requires only that the district court give a claim careful consideration and plenary processing, including full opportunity for presentation of the relevant facts." *Id*. at 1159 (internal citations and quotations omitted).

### IV. ANALYSIS

**A.  Disparate Sentencing**

Petitioner's second argument, that his sentence was not proportional to those received by his co-defendants, was waived in Petitioner's plea agreement. In the plea agreement, Petitioner expressly waived his right to "contest his plea, conviction or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255." ECF No. 58 at 4. A waiver of a defendant's appellate rights is enforceable if the waiver's language encompasses the right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made. *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004). Since Petitioner's § 2255 motion was filed outside of the statutory period allotted, however, the Court need not determine whether the waiver was enforceable.

Under AEDPA, the time for Petitioner to challenge his sentence under § 2255 ended one year after the time to appeal his sentence expired and his sentence became final. *United States v. Schwartz*,

274 F.3d 1220, 1223 (9th Cir. 2001). Accordingly, his motion to vacate, set aside, or correct his sentence is time barred. Apart from his challenge under *Johnson II* and *Welch*, Petitioner has not asserted that a right newly recognized and made retroactive by the Supreme Court applies. 28 U.S.C. § 2255(f)(3). He also has not raised any newly discovered facts that would bring him within the ambit of 28 U.S.C. § 2255(f)(4). Therefore, Petitioner may not now challenge his sentence on the basis of disparate sentencing.

**B.      Ineffective Assistance of Counsel**

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). To establish that the assistance of counsel was so ineffective as to constitute a constitutional violation under § 2255, a petitioner must demonstrate both a deficient performance by counsel and that the performance was prejudicial to the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005). To show deficient performance of counsel, the petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." *Butcher v. Marquez*, 758 F.2d 373, 376 (9th Cir. 1985). To show prejudice, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Generally, an express waiver of the right to file a §2255 petition bars a defendant from moving the sentencing court to vacate, set aside, or correct the sentence. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). "A defendant's waiver of his appellate rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made." *United States v. Watson*, 582 F.2d 974, 986 (9th Cir. 2009).

Ineffective assistance of counsel may, however constitute a basis for a motion under § 2255 when a defendant asserts that his counsel failed to negotiate a plea agreement. A waiver is unenforceable with respect to a challenge to the voluntariness on the waiver. This is because the ineffective assistance

of counsel claim cannot be barred by an agreement that was produced by ineffective representation. *Washington v. Lampert*, 422 F.3d 864, (9th Cir. 2005) (holding that a waiver is unenforceable with regard to an ineffective assistance of counsel argument in a federal habeas petition brought under 28 U.S.C. § 2254). A waiver accepted in reliance on delinquent representation would deprive a petitioner of the opportunity to assert his Sixth Amendment right to effective assistance of counsel. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) (quoted with approval by *Washington*, 422 F.3d at 871).

Again, however, the Court need not determine whether the alleged failure to negotiate constitutes delinquent representation which deprived Petitioner of effective assistance of counsel. Even if the waiver were not enforceable, this § 2255 motion is time barred. 28 U.S.C. § 2255(f). Petitioner's sentence became final more than one year before he filed this motion. Petitioner has not introduced any newly discovered facts which would have brought him within the ambit of 28 U.S.C. § 2255(f)(4). Therefore Petitioner may not now challenge his sentence on the basis of ineffective assistance of counsel.

**C.**     ***Johnson II* and *Welch***

Pursuant to the ACCA, a defendant must be sentenced to a mandatory minimum of 15 years to life in prison if he or she has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as one which is punishable by imprisonment for a term exceeding one year, and that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is a burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Courts generally refer to § 924(e)(2)(B)(i) as the "elements clause," the first part of the disjunctive statement in (ii) as the "enumerated offenses clause," and the remainder, starting with "or otherwise," as the "residual clause." *Johnson*, 135 S. Ct. at 2556-57, 2563; *United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir. 2016).

In *Johnson II*, the Supreme Court held that "imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process," on the basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557, 2563. "Two features of the residual clause conspire to make it unconstitutionally vague." *Id.* at 2557. First, "the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime" by "t[ying] the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* Second, "[b]y combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 2558.

The Supreme Court subsequently held in *Welch* that its decision in *Johnson II* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch*, 136 S. Ct. at 1268. "By striking down the residual clause as void for vagueness, [*Johnson II*] changed the substantive reach of the ACCA, altering the 'range of conduct or the class of persons that the Act punishes.'" *Id.* at 1265 (brackets omitted) (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). As a result, defendants sentenced pursuant to the ACCA residual clause can collaterally attack their sentences as unconstitutional under § 2255. *See, e.g.*, *United States v. Heflin*, 195 F. Supp. 3d 1134, 1137 (E.D. Cal. 2016).

Section 924(c)(1)(A) of title 18 of the U.S. Code provides, *inter alia*, that any person who in relation to any "drug trafficking crime" uses or carries a firearm shall, in addition to the punishment provided for such "drug trafficking crime," be sentenced to a term of imprisonment of not less than five years, to run consecutively with the punishment for the underlying crime. If a firearm is brandished in the course of committing the "drug trafficking crime," the consecutive term of imprisonment shall be not less than seven years. 18 U.S.C. § 924(c)(1)(A)(ii). If a firearm is discharged, the consecutive term of

imprisonment shall be not less than ten years. 18 U.S.C. § 924(c)(1)(C)(A)(iii).

Petitioner's challenge under *Johnson II* and *Welch* fails. Petitioner pled guilty to using a firearm in the commission of a drug trafficking crime under § 924(c)(1)(A). This is not a provision of the U.S. Code that was affected by *Johnson II*, and contains no language similar to the unconstitutionally vague residual clause. Petitioner was not sentenced under the ACCA, or under any other statute with language similar to that of the residual clause. Therefore, there is no issue of unconstitutional vagueness in this case, and *Johnson II* and *Welch* do not apply. Accordingly, Petitioner's third argument fails.

### V. **CERTIFICATE OF APPEALABILITY**

An appeal may not be taken from the denial of a § 2255 motion unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To obtain a certificate of appealability, Petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotation marks and citations omitted).

Because Petitioner has failed to make a showing that he was denied a constitutional right, the Court DECLINES to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### VI. **CONCLUSION AND ORDER**

Accordingly, Petitioner's motion to vacate, set aside, or correct sentence pursuant to § 2255 is DENIED. The Court declines to issue Petitioner a certificate of appealability for this motion.

IT IS SO ORDERED.

Dated: **April 23, 2018**        /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

8